UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OHIO CASUALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff(s), | )<br>) |
| vs. | ) Case No. 4:05CV744 JCH<br>) |
| EAST CENTRAL COLLEGE, et al., | )<br>) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant SCI Engineering, Inc.'s Separate Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss"), filed August 10, 2005. (Doc. No. 25). The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, Defendants East Central College ("East Central") and Griffith Development Company ("Griffith") entered into a contract on or about October 19, 1999, for the construction of a one-story steel and masonry building, to serve as a continuing education building, and subsequently identified as the "Business and Industrial Technology Training Center" of East Central College. (Amended Compl., ¶ 13).[1] Defendant East Central required, and Defendant Griffith provided a performance bond, to secure the performance of the construction contract. (Id., ¶ 14). Plaintiff Ohio Casualty Insurance Company ("Ohio Casualty") became the surety on the bond. (Id.). In consideration for Ohio Casualty's agreement to be the surety, Griffith and the individual Griffith Defendants executed an Agreement of Indemnity with Ohio Casualty. (Id., ¶ 15).

---

[1] The facts in the Court's background section are derived from Plaintiff's Amended Complaint, to which several Defendants have not yet filed an Answer.

East Central has now presented a claim to Ohio Casualty, as surety on the performance bond, for an amount alleged to be in excess of $500,000.00. (Amended Compl., ¶ 16). Specifically, East Central claims Griffith failed to compact the fill soil, as required by the contract documents, and failed to utilize fill soil with proper characteristics. (Id.). Griffith has denied that there were such failures of performance. (Id.). Ohio Casualty has not yet acted on East Central's claim. (Id.).

Ohio Casualty filed its Amended Complaint for Declaratory Relief in this matter on July 15, 2005. (Doc. No. 15). Named as Defendants in Ohio Casualty's Amended Complaint are East Central, the owner of the construction project; Griffith, the prime contractor for the construction project; Unnerstall Contracting Company, Ltd., a subcontractor on the construction project taking responsibility for the site excavation, fill and compaction work; Mackey Mitchell Associates, Inc., the architect for the construction project; SCI Engineering, Inc., d/b/a SCI Engineering and Materials Testing, Inc. ("SCI"), the engineering firm engaged by East Central to study the soils on which the construction project was to be built, and to provide specifications and plans to ensure that the excavation, fill and soils compaction work would provide adequate bearing support and stability for the building; Geotest, Inc., f/k/a Brucker Engineering and Testing, Inc., the corporation that entered into an agreement with Griffith to monitor the excavation, fill and compaction work, and to test and approve the fill soils and compaction thereof; and four individual members of the Griffith family, who executed the indemnity agreement with Ohio Casualty. (Amended Compl., ¶¶ 2-11). In Count I of its Amended Complaint, Ohio Casualty states in relevant part as follows:

23. ....Ohio Casualty Insurance Company asks the Court to determine and to declare:

    (1)    Whether East Central College either has or does not have a viable and valid claim against it;

    (2)    That, as part of its determination whether or not East Central College has a valid and viable claim against Ohio Casualty Insurance Company, the

> Court find and determine whether the Business and Industrial Technology Center building plans and specifications developed by East Central College's design and construction supervision representatives named as Defendants herein were an adequate design or insufficient to provide and ensure the soils bearing support and stability necessary for the Business and Industrial Technology Center building;
>
> (3) That, if the Court finds the plans and specifications for altering the project site soils conditions were adequate and sufficient to provide the bearing support and stability necessary for the Business and Industrial Technology Center building, it then determine and declare whether the monitoring, testing, observation and progressive certifications of payments for the work were performed negligently by the design and engineering professionals charged with responsibility therefor and named as defendants herein, so as to make them liable upon and for the claims of East Central College herein and, if so, that the Court declare that they must hold harmless and indemnify Ohio Casualty Insurance Company, the project surety, with respect to such claims;....

(Amended Compl., ¶ 23). Counts II and III of the Amended Complaint ask that if the Court finds (a) that any of the design and engineering professionals were negligent in monitoring and testing the soils conditions work as it progressed, or in their construction observations and certifications of progress payments, or (b) that there was a failure to comply with the design and the contract plans and specifications in the performance of the excavation, fill and compaction work, and/or a failure to monitor, test and report accurately the test results, that it award damages to Ohio Casualty accordingly. (Id., ¶¶ 24, 25). Finally, in Count IV of the Amended Complaint, Plaintiff requests that the Court enforce the indemnity agreement between Ohio Casualty and the Griffith Defendants. (Id., ¶ 26).

As stated above, SCI filed the instant Motion to Dismiss on August 10, 2005. (Doc. No. 25). In its motion, SCI asserts the Court must dismiss Count I of Plaintiff's Amended Complaint, as it represents an improper use of the Declaratory Judgment Act, and further that it must dismiss SCI as a Defendant to the entire suit, as none of the Counts of the Amended Complaint mention or refer to SCI. (Id., ¶¶ 8, 9-12).

## DISCUSSION

Ohio Casualty seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, which provides in relevant part as follows: "In a case of *actual controversy* within its jurisdiction,....any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration,...." 28 U.S.C. § 2201 (emphasis added). The Eighth Circuit has held that "[t]he Declaratory Judgment Act did not extend federal court jurisdiction beyond the recognized boundaries of justiciability, but only 'enlarged the range of remedies available.'" Pub. Water Supply Dist. No. 10 of Cass County, Mo. v. City of Peculiar, 345 F.3d 570, 572 (8th Cir. 2003), quoting Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Further, it stated that "[t]he Supreme Court has emphasized that the 'case of actual controversy' language limits federal court action to justiciable cases." Pub. Water Supply Dist., 345 F.3d at 572, citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-40, 57 S.Ct. 461, 81 L.Ed. 617 (1937). This Court therefore must determine whether Ohio Casualty's request for declaratory relief meets the traditional justiciability requirement of ripeness. Id.

In Public Water Supply District, the Eighth Circuit discussed the ripeness requirement in depth, as follows:

> "The ripeness doctrine flows both from the Article III 'cases' and 'controversies' limitations and also from prudential considerations for refusing to exercise jurisdiction." *Nebraska Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1037 (8th Cir.2000). The "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). It is well settled that the ripeness inquiry requires the examination of both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149, 87 S.Ct. 1507. This court recently determined that "[a] party seeking judicial relief must necessarily satisfy both prongs to at least a minimal degree." *Nebraska Pub. Power*, 234 F.3d at 1039.

"The 'fitness for judicial decision' inquiry goes to a court's ability to visit an issue." *Id.* at 1038. Whether a case is "fit" depends on whether it would benefit from further factual development. *See id.; see also Nat'l Right to Life Political Action Comm. v. Conner*, 323 F.3d 684, 692-93 (8th Cir.2003). The case is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities. *See Nebraska Pub. Power*, 234 F.3d at 1038.

Regarding the "hardship" prong, "[a]bstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (internal quotations and citations omitted). "The plaintiffs need not wait until the threatened injury occurs, but the injury must be 'certainly impending.'" *Paraquad, Inc. v. St. Louis Hous. Auth.*, 259 F.3d 956, 958-59 (8th Cir.2001) (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)).

Pub. Water Supply Dist., 345 F.3d at 572-73.

Upon consideration, the Court finds that with its suit, Ohio Casualty satisfies neither prong of the ripeness inquiry. First, Ohio Casualty fails to satisfy the hardship prong, because at this point its injury is merely speculative. Pub. Water Supply Dist., 345 F.3d at 573. There is no contention that Ohio Casualty currently is suffering an injury; rather, the only possible injury to Ohio Casualty is that it may be required to pay on the surety bond, and at present no decision has been made on East Central's claim. Ohio Casualty itself has the power to determine whether to pay all or part of the claim,[2] and in the event it denies the claim, it is not clear Ohio Casualty will ever suffer injury. Thus,

---

[2] The Performance Bond provides in relevant part as follows:
4. When the Owner (East Central) has satisfied the conditions of Paragraph 3, the Surety (Ohio Casualty) shall promptly and at the Surety's expense take one of the following actions:....
    4.4 Waive its right to perform and complete, arrange for completion, or obtain a new contractor and with reasonable promptness under the circumstances:
        1. After investigation, determine the amount for which it may be liable to the Owner and, as soon as practicable after the amount is determined, tender payment therefor to the Owner, or
        2. Deny liability in whole or in part and notify the Owner citing reasons therefor.

there is simply nothing to suggest that damage to Ohio Casualty is "certainly impending," and the Eighth Circuit has repeatedly stated that, "a case is not ripe if the plaintiff makes no showing that the injury is direct, immediate, or certain to occur." Id. (citations omitted).[3]

Regarding the "fitness of the issues" prong of the analysis, the Court finds this case clearly would benefit from further factual development. Pub. Water Supply Dist., 345 F.3d at 574. The issues of whether Ohio Casualty is liable under its performance bond, and if so, whether it is entitled to indemnification or subrogation, are not purely legal ones; rather, they are dependent on facts showing which of the involved parties is responsible for the alleged damage. Id. In the course of determining East Central's claim, important additional facts regarding the parties' respective roles will likely come to light, thus potentially rendering any future legal action unnecessary. Id.

While, "[t]he precise line between ripe actions and premature actions is not an easy one to draw...," this case clearly is not ripe, "because the threat of injury is not 'certainly impending,' there is no hardship to [Ohio Casualty] in denying review, and the development of additional facts would focus the dispute." Pub. Water Supply Dist., 345 F.3d at 574 (internal quotations and citation omitted). This Court will therefore grant SCI's Motion to Dismiss, and dismiss Ohio Casualty's Amended Complaint for lack of jurisdiction.[4]

## **CONCLUSION**

Accordingly,

---

(Performance Bond, attached to Ohio Casualty's Amended Complaint as Exh. 2).

[3] Furthermore, Ohio Casualty faces no hardship as a result of this Court withholding review, as it can raise any claims for indemnification or subrogation at such time as it either pays East Central's claim, or East Central sues for failure to pay. Pub. Water Supply Dist., 345 F.3d at 573.

[4] Upon consideration, the Court further finds that neither East Central's counterclaim and cross-claims, nor Griffith's counterclaims and cross-claims, are ripe for review. The Court will therefore dismiss those claims sua sponte.

- 6 -

**IT IS HEREBY ORDERED** that Defendant SCI Engineering, Inc.'s Separate Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 25) is **GRANTED**, and Ohio Casualty's Amended Complaint (Doc. No. 15) is **DISMISSED** without prejudice in its entirety. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant East Central College's Counterclaim and Cross-Claims (Doc. No. 20) are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants Griffith Development Company, James L. Griffith, Etsuko U. Griffith, Carl M. Griffith, and Garra A. Griffith's Counterclaims and Cross-Claims (Doc. No. 36) are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the outstanding motions in this matter (Doc. Nos. 38, 42, 44) are **DENIED** as moot.

Dated this 15th day of November, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE